990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher ARMSTRONG; the Las Vegas Alliance of Black
School Educators, Inc., et al., Plaintiffs-Appellants,
v.
The BOARD OF SCHOOL TRUSTEES OF CLARK COUNTY, et al.,
Defendants-Appellees.
 No. 91-16749.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1993.
Decided April 19, 1993.
 
 1
 Before NORRIS, HALL and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellants contend that the Clark County School Board ("Board") has created and maintained a segregated school system in violation of the Fourteenth Amendment's Equal Protection Clause. The district court granted summary judgment for the Board. We affirm.
 
 
 4
 To prevail on their Fourteenth Amendment claim, appellants must prove that the Board is operating a dual school system with racially identifiable "white" and "black" schools, and that the Board acted with discriminatory intent in achieving this result. Diaz v. San Jose Unified School Dist., 733 F.2d 660, 662 (9th Cir.1984) (en banc), cert. denied, 471 U.S. 1065 (1985). Furthermore, to survive summary judgment appellants must present "significant probative evidence" in support of the allegations of their complaint. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986) (quoting First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290 (1968)). If the evidence viewed in the light most favorable to appellants would fail to support a verdict in their favor, summary judgment for the Board is required.
 
 
 5
 Appellants have not met their burden. While they make a plethora of claims regarding the appellees' segregative practices, they have no significant probative evidence to support these claims. First, in support of their claim of segregative student assignments, appellants submitted a preliminary report prepared by school desegregation expert William D. Lamson. The Lamson report, however, shows only that many of the new schools and new portable classrooms built between 1969 and 1990 were identifiably white, and that no new schools were built in the neighborhood in which the largest single cluster of black students lived. The report fails, however, to demonstrate that any of the decisions were made with an intent to discriminate. Because "[w]here resegregation is a product not of state action but of private choices, it does not have constitutional implications," Freeman v. Pitts, 112 S.Ct. 1430, 1448 (1992), we conclude that the Lamson report, without more, fails to support an inference that the Board acted with discriminatory intent in school siting or student assignments.
 
 
 6
 Nor does appellants' evidence regarding faculty and administrative assignments support the conclusion that the Board operates a segregated system. Appellants offer the declaration of school desegregation expert Marvin B. Scott to support their claim of segregative faculty assignments. Scott found that in 1991, thirty-five of the 107 elementary schools in the district had teaching staffs that were at least 90% white, whereas the teaching staffs at the historically black schools ranged from 8% to 33% black. In a school district in which 10% of the population is black, it is not statistically significant that one-third of the schools have faculties that are less than 10% black. Standing alone, these statistics fail to prove segregation. Appellants' evidence of segregative assignment of administrators is similarly deficient. Appellants' paralegal submitted a declaration stating there are no black administrators in 72 (out of 107) elementary schools, 17 (out of 25) junior high schools and 9 (out of 16) senior high schools. Again, these statistics do not prove segregation in light of the fact that blacks comprise 10% of the population and 13% of the total number of administrators. Nor is there any evidence that any statistical imbalance stems from intentional discrimination by appellees.
 
 
 7
 Finally, appellants have submitted affidavits from four black school district employees who allege that they were treated in a discriminatory fashion. Even if we assume that these highly conclusory employment discrimination claims have some basis, they are insufficient to support a claim that the Board intentionally created a segregated school system.
 
 
 8
 Viewing the evidence in the light most favorable to the appellants, we hold that it fails to support the conclusion that appellees are operating a segregated school system in violation of the Fourteenth Amendment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3